## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2020, 10:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark F. James
Anderson, Agostino & Keller P.C.
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

J.S.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner*

January 31, 2020

Court of Appeals Case No.
19A-JV-2147

Appeal from the St. Joseph Probate Court

The Honorable Graham C. Polando, Magistrate
The Honorable Jason A. Cichowicz, Judge

Trial Court Cause Nos.
71J01-1801-JD-020
71J01-1804-JD-106

**Baker, Judge.**

[1] On March 28, 2018, J.S. was adjudged delinquent for committing an act that would have been theft had it been committed by an adult. He was placed on probation. On April 27, 2018, the State filed a new petition alleging delinquency for acts that would have been Class A misdemeanor theft and Class B misdemeanor false informing had they been committed by an adult. J.S. admitted to the allegations and, following a hearing, the juvenile court modified and continued his probation.

[2] The terms of J.S.'s probation included abstention from the use and possession of illegal substances and alcohol and a requirement that J.S. attend school regularly and obey school rules with no unexcused absences, tardies, or suspensions. In August 2018, the State filed a modification report alleging that J.S. had tested positive for THC in June and July 2018, had received two days of in-school suspension after he left school without permission, had received three days of out-of-school suspension for calling the in-school suspension supervisor a "bitch," and had accumulated seventy individual class absences. Appellant's App. Vol. II p. 43. Following a modification hearing, the juvenile court allowed J.S. to remain on probation but ordered that he serve up to ninety days of home detention and participate in a day reporting program; the court also imposed a stayed sentence of thirty days at the St. Joseph County Juvenile Justice Center.

[3] In August 2019, the State filed a modification report indicating that from December 9, 2018, to July 25, 2019, J.S.'s whereabouts were unknown. During these months, he failed to contact his probation officer, his caseworker, or his

tutor.  Following a modification hearing, the juvenile court ordered J.S. committed to the Department of Correction (DOC) for housing in an appropriate juvenile facility.  J.S. now appeals.

[4]     Placement of a juvenile who is adjudged delinquent is within the discretion of the juvenile court.  *M.C. v. State*, 134 N.E.3d 453, 458 (Ind. Ct. App. 2019).  This broad discretion is "subject to the statutory considerations of the welfare of the child, the safety of the community, and the policy of favoring the least harsh disposition."  *Id.*; *see also* Ind. Code § 31-37-18-6 (listing statutory factors).  We will reverse only if the disposition is clearly erroneous and against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual inferences that may be drawn therefrom.  *M.C.*, 134 N.E.3d at 458.

[5]     J.S. argues that the juvenile court in this case erred because it failed to order the least harsh disposition.  We cannot agree.  J.S. has been on juvenile probation since early 2018, under multiple cause numbers, including two terms of home detention.  As part of probation, he has participated with services including Gang Violence Intervention programming, group sessions with Dockside services, home-based individual therapy, tutoring, case management services, and Day Reporting sessions including alternative educational programming.

[6]     Notwithstanding this array of services, as well as the lenient placement he received for nearly two years, J.S. has been unable to comply with probation requirements or the rule of law.  He has committed new offenses, tested positive

for THC on multiple occasions, failed to attend school regularly and conform his behavior to school requirements, and absconded altogether from the juvenile justice system for over six months. J.S.'s probation officer explained to the juvenile court that "we have exhausted all options with this Juvenile and family." Tr. Vol. II p. 5. The more lenient placement has failed to put J.S. on the path of rehabilitation, and at this point, we find that the juvenile court did not err by finding that it had no viable alternative other than placement in the DOC.

[7] The judgment of the juvenile court is affirmed.

Riley, J., and Brown, J., concur.